**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4300**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BELKIS DIAZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CR-04-96-1)

Submitted: July 7, 2006        Decided: August 21, 2006

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, James P. Gillis, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Belkis Diaz appeals the sixty-three month sentence imposed after she pleaded guilty to one count of making a false statement in a passport application, in violation of 18 U.S.C. §§ 1542, 2 (2000). Because we conclude that Diaz's offense level was improperly enhanced for obstruction of justice, we vacate her sentence and remand for resentencing.

On appeal, Diaz raises four assertions of error in the determination of her sentence. She first argues that the district court erred in enhancing her offense level for obstruction of justice and denying her a reduction in offense level for acceptance of responsibility. The court's decision arose from a statement Diaz gave to officers after her arrest, in which she stated that she committed the passport application fraud under the direction of an individual named Jose Luis Rodriguez. The district court concluded that Diaz's statement regarding Rodriguez was false and that the Government expended significant resources attempting to locate Rodriguez based upon that statement,[1] which supported an enhancement for obstruction of justice and the denial of a reduction for acceptance of responsibility.

_____

[1]At sentencing, the Assistant United States Attorney stated that the Government was unable to locate Rodriguez at the place of employment provided by Diaz. On appeal, counsel for Diaz states that, with a single telephone call, he verified Rodriguez's employment during the relevant time period at the taxicab company identified by Diaz, and obtained other information regarding Rodriguez.

We review a district court's determination that a defendant obstructed justice for clear error. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). The Sentencing Guidelines[2] provide for a two-level increase in a defendant's offense level "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct." USSG § 3C1.1.

"[P]roviding a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense" is specifically listed as an example of conduct for which the enhancement is appropriate. USSG § 3C1.1, comment. (n.4(g)). A false statement regarding the culpability of a co-defendant is sufficient to support the enhancement. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004).

---

[2]U.S. Sentencing Guidelines Manual (USSG) (2003).

We conclude that the district court's decision to impose the obstruction of justice enhancement was clearly erroneous. Although a district court is given broad discretion in the type of information it may consider at sentencing, 18 U.S.C. § 3661 (2000), the information offered by the Government to support the enhancement in this case is insufficient. Significantly, the Government offered no testimony to establish the falsity of Diaz's statement or the significance of the impairment that the statement caused to the investigation. As the issue of the falsity of Diaz's statement was disputed, the district court erred in relying on mere proffers from the AUSA to support the enhancement. Because the court's denial of a reduction for acceptance of responsibility was based upon its finding that Diaz obstructed justice, this conclusion is also erroneous.[3]

Diaz also argues that the district court erred in enhancing her offense level because the children whose identities were used in the fraud scheme were vulnerable victims, pursuant to USSG § 3A1.1(b)(1), and in applying a two-level enhancement based on the use of a minor in the commission of the offense, pursuant to

---

[3]The district court's denial of a reduction in Diaz's offense level for acceptance of responsibility naturally followed its conclusion that she obstructed justice. See USSG § 3E1.1, comment. (n.4). While we find that conclusion was erroneous, we express no opinion on whether Diaz is entitled to a reduction in her offense level for acceptance of responsibility on remand.

USSG § 3B1.4.  We have considered Diaz's arguments and find that the district court properly applied these enhancements.

Diaz's final argument is that her sentence is unreasonable under <u>Booker</u> because the district court failed to consider the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), other than the Guidelines.  Because we conclude that the Guidelines range was not properly determined, Diaz's sentence is unreasonable.  <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.) (sentence resulting from error in construing or applying the Guidelines will be found unreasonable and vacated), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

We therefore vacate Diaz's sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>